JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
SHINTELE MALLOY

**DEFENDANTS**
NCO FINANCIAL SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff ______

County of Residence of First Listed Defendant ______

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)**

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 15 U.S.C SECTION 1692

Brief description of cause: Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☑ Yes ☐ No

## VIII. RELATED CASE(S)

(See instructions): JUDGE ______ DOCKET NUMBER ______

Explanation:

**DATE** 06/06/12

**SIGNATURE OF ATTORNEY OF RECORD** [signature]

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 100 E. Glenolden Ave, Apt. K-10, Glenolden PA 19036

Address of Defendant: 507 Prudential Rd., Horsham PA 19044

Place of Accident, Incident or Transaction: ______

(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases 15 U.S.C. §1692 (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

**ARBITRATION CERTIFICATION**

(*Check Appropriate Category*)

I, Craig Thor Kimmel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** 06/06/12 ______ [signature] Attorney-at-Law 57100 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** 06/06/12 ______ [signature] Attorney-at-Law 57100 Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| SHINTELE MALLOY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NCO FINANCIAL SYSTEMS, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| | | |
|---|---|---|
| 06/06/2012 | Craig Thor Kimmel | Plaintiffs, Shintele Malloy |
| Date | Attorney-at-law | Attorney for |
| 215-540-8888 | 877-788-2864 | kimmel@creditlaw.com |
| Telephone | FAX Number | E-Mail Address |

**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHINTELE MALLOY,<br><br>Plaintiff<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>Defendant | )<br>)<br>)<br>) **Case No.:**<br>)<br>) **COMPLAINT AND DEMAND FOR**<br>) **JURY TRIAL**<br>)<br>) **(Unlawful Debt Collection Practices)** |

**COMPLAINT**

SHINTELE MALLOY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC., ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant's corporate headquarters is in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Glenolden, Pennsylvania 19036.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania 19044.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11. The alleged debt at issue, a student loan, arose out of transactions, which were primarily for personal, family, or household purposes.

12. Plaintiff never incurred any debts in connection with a business or commercial activities and, therefore, the alleged debt, if truly an obligation owed by her, could have only arisen from a financial obligation for primarily personal, family or household purposes.

13. Beginning in February 2012, and continuing through April 2012, Defendant continuously and repeatedly contacted Plaintiff on her cellular and work telephones in an attempt to collect a consumer debt.

14. Plaintiff regularly received collection calls from the following phone number: (215) 441-3000, which the undersigned has confirmed is a telephone number belonging to Defendant.

15. During the relevant period, Defendant called Plaintiff, on average, more than once a day.

16. In addition to calling her, Defendant would also leave messages on Plaintiff's voicemail deceptively claiming that, "they had something important to discuss with her and to call them back."

17. Defendant's messages were designed to create a false sense of urgency and to trick Plaintiff into believing that it did in fact have sometime time sensitive and important.

18. In those instances when Defendant called Plaintiff at her place of employment, Plaintiff informed Plaintiff that she is not allowed to get personal calls at work and to stop calling her.

19. Defendant, however, ignored Plaintiff's instructions and continued to contact Plaintiff at her place of employment.

20. Further, in its attempts to collect a debt, Defendant's collector, who identified herself to Plaintiff as "Jeannine," threatened Plaintiff that "if she doesn't work with her then she could have her wages garnished."

21. Believing Defendant's threats to garnish her wages, Plaintiff made two payments of $75.00, both in February 2012 and March 2012.

22. After making the payments, however, Defendant deceptively claimed that Plaintiff needed to pay more, leading Plaintiff to believe that she had to pay the amount Defendant demanded or garnishment of her wages was imminent.

23. Plaintiff requested that Defendant provide something in writing regarding her repayment options; however, Defendant never sent her anything in writing.

24. At the time Defendant threatened to garnish Plaintiff's wages, it did not intend to take such action.

25. Lastly, Additionally, on or about April 12, 2012, Defendant contacted Plaintiff's grandmother deceptively claiming that they were attempting to locate Plaintiff.

26. During the conversation, Defendant disclosed to Plaintiff's grandmother that it was a debt collection company and that it was attempting to locate Plaintiff.

27. At the time Defendant contacted Plaintiff's grandmother, it already possessed valid contact information for Plaintiff, as it had spoken with Plaintiff directly, making its statements to Plaintiff's grandmother false and said to embarrass Plaintiff .

28. Defendant had no legitimate business purpose to contact Plaintiff's grandmother.

29. Furthermore, Defendant did not have Plaintiff's permission to disclose any information about the alleged debt to her grandmother.

30. Defendant's contact with Plaintiff's grandmother was for the sole purpose of harassing, abusing and embarrassing Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

31. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(3).

a. Section 1692c(a)(3) of the FDCPA prohibits a debt collector from communicating with a consumer at a consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

b. Here, Defendant violated §1692c(a)(3) of the FDCPA when it repeatedly called Plaintiff at her place of employment after Plaintiff told Defendant that she was not permitted to receive personal calls at work.

**COUNT II**

32. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

a. Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it called Plaintiff multiple times a day and on numerous days a week about the debt it was attempting to collect with the purpose of annoying, abusing and harassing Plaintiff.

**COUNT III**

33. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e and 1692e(4).

a. A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

b. A debt collector violates §1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result I the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

c. Here, Defendant violated §§1692e and 1692e(4) of the FDCPA by threatening to garnish Plaintiff's wages, when it did not have the intention to do so, with the sole purpose of causing Plaintiff to remit payment on the alleged debt, when Defendant had no intention to garnish her wages.

d. Also, Defendant violated §1692e of the FDCPA by deceptively claiming that it was unable to accept a $75/month payment from Plaintiff.

**COUNT IV**

34. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

a. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated §1692f of the FDCPA when it failed to send Plaintiff any information about her repayment options and disclosed to her grandmother contacted her grandmother, disclosing to her that it was a debt collection company trying to locate Plaintiff.

WHEREFORE, Plaintiff, SHINTELE MALLOY, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHINTELE MALLOY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 06/06/12

KIMMEL & SILVERMAN, P.C.

By: ____________________

Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com